IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DOES, C.B. and J.B.                                              PLAINTIFFS/
                                                        COUNTER-DEFENDANTS

v.                             No. 4:23-cv-1039-DPM

PULASKI COUNTY SPECIAL
SCHOOL DISTRICT                                                  DEFENDANT/
                                                         COUNTER-CLAIMANT

ORDER

L.B.'s parents, C.B. and J.B., seek dismissal of the Pulaski County Special School District's amended counterclaim. They say the District's appeal is moot because it has already carried out the administrative hearing officer's orders. The District doesn't seriously contest that its appeal is technically moot, so L.B.'s parents have met their initial burden. *Kennedy Building Associates v. Viacom, Inc.*, 375 F.3d 731, 745 (8th Cir. 2004). The fighting issue is whether any exception to mootness applies in the circumstances.

The District argues that the Court should hear and decide its appeal because the issues it presents are capable of repetition yet evade review. That's a recognized, though narrow, exception. *Iowa Protection and Advocacy Services v. Tanager, Inc.*, 427 F.3d 541, 544 (8th Cir. 2005). The District's burden is to demonstrate that it didn't have enough time

to challenge fully the hearing officer's orders in this Court and that it reasonably expects to litigate the same legal issues again. *Kingdomware Technologies, Inc. v. United States*, 579 U.S. 162, 170 (2016); *Whitfield v. Thurston*, 3 F.4th 1045, 1047 (8th Cir. 2021).

The issues on appeal here evaded review. The District didn't have enough time to challenge the hearing officer's orders before it complied with them. L.B.'s parents argue that the District's choice to seek relief without requesting a stay, or expedited review, of those orders works an estoppel. The Court recognizes that precedent demands some action to preserve a party's entitlement to the exception in other circumstances. *See, e.g., Iowa Protection and Advocacy Services*, 427 F.3d at 544. But the Court isn't inclined to endorse a rule that would, in effect, require every IDEA litigant to seek the extraordinary relief of a stay or, otherwise, expedited consideration of any IDEA appeal.

The District hasn't yet demonstrated its reasonable expectation that the legal issues here are likely to recur, though. *Kingdomware Technologies*, 579 U.S. at 170. The District suggests that the exception has almost become the rule in IDEA cases. *Doc. 21 at 10-11*. The Court notes that the better-reasoned cases on which the District relies generally involve challenges to systemic failures or allegedly objectionable district-wide policies. It makes good sense that those kinds of issues would be capable of repetition. *See Patrick G. ex rel.*

*Stephanie G. v. Harrison School District No. 2*, 40 F.4th 1186, 1203–04 (10th Cir. 2022). But L.B.'s parents haven't raised any systemic issues, or targeted any District policy, in their complaints. Even in IDEA cases, the exception is reserved for exceptional circumstances. *Kingdomware Technologies*, 579 U.S. at 170.

As factual support for its conclusion that the legal issues in this case are capable of repetition, the District says that L.B. is a nine-year-old and a fourth grader. It argues that these facts show L.B.'s free appropriate public education will be a point of contention for years to come. That's not enough to carry its burden. But the Court isn't convinced that the District's arguments on recurrence are entirely without merit. The Court needs more to go on. A round of briefing on this issue would therefore help.

The District should file a supplemental brief by 24 April 2025 addressing the specific legal issues it argues are reasonably likely to be repeated in the future. Please consider the Tenth Circuit's precedent cited above and provide additional controlling authority, if any, about the same or similar issues. L.B.'s parents may file a response by 8 May 2025.

So Ordered.

*W.P. Marshall Jr.*

D.P. Marshall Jr.
United States District Judge

*11 April 2025*

- 4 -