# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

DOES, C.B. and J.B.      PLAINTIFFS/
COUNTER-DEFENDANTS

v.     No. 4:23-cv-1039-DPM

PULASKI COUNTY SPECIAL SCHOOL     DEFENDANT/
DISTRICT     COUNTER-CLAIMANT

## ORDER

The parties have not resolved the fees/costs issue. The Court must decide it.

The big issue is the attorney's fee. Given counsel's experience, and the nature of the issues presented in this case, the reasonable hourly rate for Ms. Caldwell is $275. Considering these same factors, $250 is a reasonable hourly rate for Mr. Fendley. And $100 is reasonable for Ms. Hogancamp's paralegal work. The Court must calculate the lodestar—those rates multiplied by the hours reasonably spent. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Here is the request with the revised rates:

| | | | | |
|---|---|---|---|---|
| Theresa Caldwell | 168.92 | x $275/hour | = | $46,453.00 |
| Clay Fendley | 52.19 | x $250/hour | = | $13,047.50 |
| Darlene Hogancamp | 9.30 | x $100/hour | = | $930.00 |
| | | | | $60,430.50 |

*Doc. 29-1 & 29-3.*

To fix the lodestar, and the bottom-line reasonable fee, some adjustments are needed. *Hensley*, 461 U.S. at 434–37. The Court commends Fendley's self-trim of his mootness briefing. That motion didn't succeed. This case was fact-intensive, spanned several years, and involved many exhibits and witnesses. *Doc. 30 at 5–8.* But Ms. Caldwell double-billed some hours; the Court calculates 7 hours and 20 minutes of this. *Doc. 29-1.* This Court has also repeatedly disfavored her block billing practice, which makes the fee evaluation difficult. *E.g., Doc. 73 at 6* in *Jacksonville North Pulaski School District v. D.M.*, No. 4:20-cv-256-BRW (E.D. Ark. 20 July 2021). And there was some cumulative testimony that occurred while litigating both of L.B.'s due process hearings. The District objected to this. To account for all these things, the Court makes a fifteen percent adjustment in the time. The lodestar is $51,365.93. The parents also did not prevail on all of their administrative claims. *Doc. 32 at 5–7.* The partial success requires a further ten percent discount. *Hensley*, 461 U.S. at 434–37. All these trims result in a $46,229.34 fee.

The secondary issue is costs. The Court reduces the proposed amount. Fed. R. Civ. P. 54(d)(1). The copies and filing fee are recoverable. 28 U.S.C. § 1920. The binders and FedEx fees are not. The Court awards $1,282.94 in costs.

*

Motion for attorney's fees and costs, *Doc. 29*, partly granted and partly denied as specified.  The Court awards a reasonable attorney's fee of $46,229.34 and costs of $1,282.94 for a total of $47,512.28.  An amended Judgment, taxing the entire award as costs, will issue.  20 U.S.C. § 1415(i)(3)(B)(i).

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

15 January 2026